*337 The opinion of the Court was delivered by
O’Nball, J.
In this ease the plaintiff alleges, that the negro slaves Kellah and child, Lymus, and Jack, were his property, and that the deceased converted, by selling them and receiving the proceeds, and he, therefore, brings an action against the defendants, his executors, for the money which the deceased received from the sale.
That such an action is maintainable ánd proper, cannot be doubted. 1 Chitty Plead. 57.
The plaintiff’s proof certainly may satisfy a jury, as to his title, and if it can have that effect, he is entitled to have their judgment upon it, unless there be something else in the case.
It is said, that the deceased was the guardian of- the plaintiff, and that on his arriving at full age, he settled with him. This is not denied, but it is alleged, that the price of the slaves was not embraced in that settlement. That is another fact, which must be passed upon by the jury, and cannot be assumed.
The motion for nbnsuit was granted, on the ground, that the plaintiff’s only remedy was in equity. It is very true, that a guardian is generally only accountable, in equity, and that he cannot be made answerable at law, until such account be had, and a sum fixed, with which he is chargeable.
But although this is the general rule on the accounts of a guardian, it by no means follows, that this exempts him from every action at law. If he had specific property belonging to his ward, and sold the same without authority, it is then entirely optional with the ward, on attaining to full age, whether he will charge him, on an account in equity, with the proceeds, or pursue him at law with an action of trover for the value of the property; or if he be dead, charge his executors with the proceeds of the sale, in an action of assumpsit.
These principles, it seems to me, are so perfectly plain and obvious, that I do not attempt to fortify them by authority. *338 That they are plainly applicable to this case cannot be denied.
The deceased, according to the proof, acknowledged the slaves to be the plaintiff’s property. It does not appear that he had any authority to sell or dispose of them.
It may be, that the father of the plaintiff once had title to Lucy, the mother of Kellah, Lymus, and Jack, but in his life time he placed her in the possession of the deceased, and from 1831 or 1832, (when he died and administration was granted to Oliver,) no claim on his behalf has been asserted. A period of non-claim for more than twenty years, will certainly presume his title to be extinguished; and connected with this, the admission of the deceased, that Lucy and her increase belonged to the plaintiff) may fix, according to reasonable belief, the title in him.
It does not appear, from any of the returns of the deceased, as guardian, that he at all noticed Lucy and her increase as in his possession, by virtue of his guardianship.
It may have been, as is urged, that he held them under some parol trust, -which made it improper that they should 'be so noticed.
The motion to set aside the nonsuit is granted.
Wardlaw, Withers, and Whither, JJ., concurred.

Motion granted.